# IN THE COURT OF APPEALS OF IOWA

No. 14-2139
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CORY JAMES BAUER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

Cory Bauer appeals following convictions and sentences entered on four charges. **AFFIRMED.**

Robert B. Brock II of the Law Office of Robert B. Brock II, P.C., Le Mars, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Bower, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Following a bench trial on the minutes in these consolidated cases, Corey Bauer was found guilty of assault causing bodily injury, in violation of Iowa Code section 708.2(2) (2014); possession of marijuana, in violation of section 124.401(5); domestic abuse assault by strangulation, in violation of section 708.2A(2)(d); and domestic abuse assault causing injury, in violation of section 708.2A(2)(b). The district court made findings of fact that Bauer assaulted his mother-in-law causing bodily injury on July 5, 2014; possessed marijuana on July 9; and on July 8, caused bruises to his former wife's elbow and wrist and also strangled her to the point she was not able to breathe for a time.

On December 15, the district court held a sentencing hearing on three cases against Bauer. The court sentenced Bauer to two 180-day jail terms with all but fourteen days suspended in case SRCR199535 (the assault causing bodily injury and possession charges). In case AGCR199536 (the domestic charges), the court sentenced him to two 365-day jail terms with all but ten days suspended. The sentences in both cases were to run concurrently to the sentence in a third case (not before us), SRCR197089, in which Bauer had pled guilty to possession of marijuana. The court continued a no-contact order between Bauer and the victims of the assaults but modified the order to permit Bauer to have contact with his child while supervised.

On appeal, Bauer raises several issues that would be relevant had he pled guilty,[1] but because he was found guilty after a trial to the court, we do not

---

[1] Bauer contends the court did not meet the requirements of Iowa Rule of Criminal Procedure 2.8(2)(b), (c), and (d)—all of which relate to guilty pleas. He also contends

address them. Bauer also asserts the district court did not allow him to address the court prior to sentencing, which is belied by the record.[2] Several other issues are mentioned in passing, which present nothing for this court to review. *See State v. Louwrens*, 792 N.W.2d 649, 650 n.1 (Iowa 2010) ("[P]assing reference to an issue, unsupported by authority or argument, is insufficient to raise the issue on appeal.").

Bauer challenges the court assessing to him the cost of the court-appointed attorney's fees ($315 for appointed counsel on the serious misdemeanor and $615 on the aggravated misdemeanor). As we read the brief, Bauer asserts because the district court failed to make a specific finding that Bauer's income was at or below 125% of the poverty level, the court could not assess the costs of the attorney to him. We disagree.

Bauer submitted a "financial affidavit/application for appointment of counsel," stating he was unemployed and claiming no income or assets. The court found Bauer indigent and appointed counsel. Bauer is twenty-three years old, and nothing in this record establishes he is incapable of working. The record also reflects the availability of a payment plan, allowing Bauer the ability to make small payments rather than a large lump sum. *See* Iowa Code § 815.9(3) ("If a person is granted an appointed attorney, the person shall be required to

---

his defense counsel was ineffective in not requiring the court to concur with a plea agreement—there was no plea agreement related to these charges.

[2] The following occurred at the sentencing hearing:

THE COURT: Mr. Bauer, under Iowa law you have the right to speak in your own behalf in addition to what your attorney may have already said before sentence is imposed. Is there anything you wish to say?

THE DEFENDANT: I'm sorry for my—I'm sorry for my actions. I want to be a positive member of society, and I ask you for this opportunity to better myself and move on from this.

reimburse the state for the total cost of legal assistance provided to the person pursuant to this section."). We find no abuse of the court's discretion in this regard.

Bauer further contends the court erroneously ordered him to pay costs of a dismissed charge, a simple misdemeanor. Bauer has not sought discretionary review in this matter and has no appeal of right. *See id.* § 814.6(1)(a). In any event, Bauer agreed to pay the costs in exchange for the dismissal of the charge. We note the following colloquy:

> PROSECUTOR: It's my understanding that Mr. Abbott [defense counsel] and I are going to stipulate that the substance was, in fact, marijuana. There was also a companion simple misdemeanor charge, Your Honor, for possession of drug paraphernalia, and the State would be willing to dismiss that at Mr. Bauer's costs.
> THE COURT: Is that a correct statement, Mr. Abbott?
> MR. ABBOTT: It is, Your Honor. We're willing to stipulate it's marijuana, and we agree with the dismissal of the companion citation.
> THE COURT: All right. And, Mr. Bauer, you've heard the comments of your attorney, and do you agree with those comments and will stipulate that the substance found was marijuana?
> THE DEFENDANT: Yes.
> THE COURT: Very well. I will, then, mark the matter submitted, and I will issue a written ruling in this case and enter appropriate orders.

Finally, Bauer contends the court should have lifted the no-contact order. In this regard, defense counsel informed the district court the parties had divorced since the charges were filed and, pursuant to the dissolution decree, visitation is at the discretion of Bauer's former wife. Defense counsel stated,

> So if [the former wife] doesn't [d]eem visitation appropriate, then visitation wouldn't occur. However, they both acknowledge that contact with [the child] and Mr. Bauer is beneficial to [the child], which is why they've agreed on a neutral third party that both have agreed upon in order to arrange the visitation and contact.

The court concluded:

> I will amend the no-contact order in case AGCR199536 to allow you visits with the child. However, the visits will remain supervised in the discretion of [the former wife]. If she wishes that they remain supervised, they are to remain supervised until she feels that in her own mind that it is safe to allow you to have unsupervised visits with your son.

We will not disturb this ruling.

Having considered all issues raised and finding no error, we affirm.

**AFFIRMED.**